UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------X
UNITED STATES OF AMERICA,

      -against-                        <u>MEMORANDUM & ORDER</u>
                                         17-CR-0372(JS)
EMIN L. COHEN,

                          Defendant.
--------------------------------------X
APPEARANCES
For United States:  Whitman G.S. Knapp, Esq.
                     Kaitlin T. Farrell, Esq.
                     U.S. Attorney's Office
                     Eastern District of New York
                     271 Cadman Plaza East
                     Brooklyn, New York 11201

For Defendant
Emin L. Cohen:      Avraham C. Moskowitz, Esq.
                     Christopher R. Neff, Esq.
                     Moskowitz & Book, LLP
                     345 Seventh Avenue, 21st Floor
                     New York, New York 10001

SEYBERT, District Judge:

      Defendant Emin L. Cohen ("Defendant") seeks a reduction of his sentence pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A), in light of health concerns surrounding the COVID-19 pandemic and certain alleged medical conditions. (Mot., D.E. 819; Reply, D.E. 842.) The Government opposes the motion. (Opp., D.E. 825.) For the reasons set forth below, the motion is DENIED.

<u>BACKGROUND</u>

      On July 11, 2017, Defendant was charged with conspiracy to commit securities fraud, conspiracy to commit wire fraud, and four substantive securities fraud counts. (Indictment, D.E. 1.)

On June 1, 2018, Defendant pled guilty to one count of conspiracy to commit securities fraud. (Min. Entry, D.E. 235.) The Sentencing Guidelines recommended a 60-month sentence. On June 7, 2019, the Court sentenced Defendant to a term of 24 months' incarceration, inter alia. (Min. Entry, D.E. 411.) At the time of his sentencing, the Court gave Defendant permission to delay his surrender (up to 12 months) so that he could care for his father. Defendant chose to surrender on September 19, 2019 and, as of the date of this Order, has served approximately ten months at the Federal Correctional Institution located in Danbury, Connecticut ("FCI Danbury"). While in custody, Defendant successfully completed the Bureau of Prisons' ("BOP") Residential Drug Abuse Program and was afforded a sentence reduction. Defendant is scheduled to be released on September 9, 2020 to a Halfway House where he will serve the last four months of his sentence.

Defendant is 36 years old and reportedly suffers from hypertension and asthma. According to Defendant, these conditions "have been identified by the Centers for Disease Control as substantial risk factors for severe COVID-19 disease" and he is therefore "among the group of individuals most likely to become ill with COVID-19, and those most likely to die if he does become infected." (Mot. at 1.) Defendant represents that, if released,

2

he will resume his role as caretaker for his father, who is immunocompromised as a result of cancer treatments. (Mot. at 13.)

On or about April 19, 2020, Defendant submitted a request for compassionate release to the Warden at FCI Danbury. On May 5, 2020, the warden denied the request, finding that Defendant had no extraordinary or compelling reasons warranting a sentence reduction. On May 13, 2020, this motion followed. The Court heard argument on July 10, 2020.

DISCUSSION

I.  <u>Legal Standard</u>

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) provides:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

3

II.  <u>Analysis</u>

Defendant argues that he has substantially complied with Section 3582(c)(1)(A)'s exhaustion requirement and asks the Court to excuse strict compliance as futile because of his anticipated September 9, 2020 release date.  (Mot. at 2-5.)  The Court agrees.[1] In this case, the Court waives the exhaustion requirement in in view of the time constraints involved and the allegations regarding FCI Danbury's compassionate release practices.  (<u>See,</u> <u>e.g.</u>, Mot. at  3); <u>see also</u> <u>U.S. v. Sanchez</u>, No. 18-CR-0140, 2020 WL 1933815, at *4-5 (D. Conn. Apr. 22, 2020) (collecting cases); <u>U.S. v. Haney</u>, No. 19-CR-0541, 2020 WL 1821988, at *2-4 (S.D.N.Y. Apr. 13, 2020); <u>U.S. v. Scparta</u>, No. 18-CR-0578, 2020 WL 1910481, at *4-8 (S.D.N.Y. Apr. 20, 2020).

Turning to the merits of the motion, Defendant argues there are "extraordinary and compelling" reasons to grant compassionate release because he suffers from hypertension and asthma and is "at risk to contract COVID-19 at a higher rate." (Mot. at 5.)  Further, Defendant argues that he is at "grave danger" of exposure to COVID-19 while incarcerated because (1) the

---

[1] In its opposition brief, the Government argues that Defendant's failure to exhaust administrative remedies is fatal to his motion and points to the Warden's Declaration submitted in a civil action to refute the representation that exhaustion is "impossible." (<u>See</u> Opp. at 5-10.)  At oral argument, the Government essentially conceded that its main argument rests on Defendant's failure to establish "extraordinary and compelling reasons [to] warrant the reduction."

conditions at FCI Danbury are "dire" and (2) the BOP cannot contain the epidemic or protect vulnerable inmates. (Mot. at 5-12.) The Government responds that, among other things, the BOP is providing adequate care for Defendant's alleged conditions and that "there is no evidence to support the argument that [Defendant] suffers from asthma and hypertension, conditions he alleges place him at increased risk from COVID-19." (Opp. at 13-15.)

The Court finds that there are no "extraordinary and compelling reasons" warranting compassionate release. 18 U.S.C. § 3582(c)(1)(A)(i). First, FCI Danbury houses 805 inmates (both male and female). See www.bop.gov/locations/institutions/dan/ (last visited July 13, 2020.) Defendant points to statistics that, as of May 11, 2020, 27 inmates and 7 staff members at FCI Danbury were infected with COVID-19. (Mot. at 6.) However, as of July 12, 2020, the BOP reported that at FCI Danbury: there are currently no positive cases of COVID-19, 92 inmates and 61 staff members have recovered from COVID-19, and one inmate has died from COVID-19. See http://www.bop.gov/coronavirus/ (last visited July 13, 2020.) Accordingly, the statistics do not reflect that "[t]he epidemic outbreak at FCI Danbury continues to rage unabated," as Defendant suggests. (Mot. at 6.) To the contrary, the numbers reported out of FCI Danbury show that there has been a reduction in the spread of COVID-19.

Second, Defendant has failed to demonstrate that he suffers from hypertension while in custody.  Indeed, Defendant's medical records do not reflect that he is prescribed any medication for hypertension.  Moreover, the Court questions the veracity of Defendant's claims of asthma.  The pre-sentence investigation report does not indicate that Defendant has a history of asthma. Although recent FCI Danbury medical records reflect that he was recently prescribed an inhaler, the records also reveal that Defendant did not seek medical intervention for asthma until after he filed the instant motion for compassionate release.  Thus, the Court is not inclined to release Defendant despite the inhaler prescription.

Finally, the Court has considered the factors set forth in 18 U.S.C. § 3553(a) and finds that a further reduction is not appropriate when considering the seriousness of the underlying crime, the vulnerability of the victims targeted, and the Defendant's continued reliance on his alleged inexperience with securities as an excuse for the commission of his crimes.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

CONCLUSION

While the BOP will determine whether Defendant should be released to a Halfway House for four months or to home confinement to reside with his father, the Court recommends that, on September 9, 2020, the BOP release Defendant to home confinement.  All other items of the Judgment and Commitment remain in force.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: July   13  , 2020
       Central Islip, New York

7